UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

**ANDREW GISSENDANER**,               **COMPLAINT**

              Plaintiff,           Civ. No.:

  vs.                                Trial by Jury is Demanded

**CLIENT SERVICES, INC.**,

              Defendant.
_____

Plaintiff, ANDREW GISSENDANNER (hereinafter referred to as "PLAINTIFF"), by and through undersigned counsel, alleges upon knowledge as to himself and his own acts, and upon information and belief as to all other matters, and brings this Complaint against Defendant, CLIENT SERVICES, INC. (hereinafter referred to as "DEFENDANT") and in support thereof alleges the following:

## PRELIMINARY STATEMENT

1. PLAINTIFF brings this action for damages arising from DEFENDANT's violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in the Western District of New York.

## PARTIES

4. PLAINTIFF is a natural person residing in Rochester, New York.

5. PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

1

6. PLAINTIFF allegedly owes a (past due) consumer "debt" as defined by 15 U.S.C. § 1692a(5).

7. DEFENDANT is a corporation formed under the laws of Missouri, with its principal business purpose as debt collection, and its headquarters located at 3451 Harry S. Truman Boulevard, St. Charles, Missouri, 63301.

8. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and that DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

9. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 8 inclusive, above.

10. In early March 2018, DEFENDANT called PLAINTIFF's acquaintance and discussed PLAINTIFF's debt with this acquaintance.

11. DEFENDANT communicated information about PLAINTIFF's debt to this acquaintance, who is not PLAINTIFF's attorney, spouse, parent, guardian, executor, administrator, a consumer reporting agency, the creditor, the attorney for the creditor, or the attorney for the debt collector.

## FIRST CLAIM FOR RELIEF

### VIOLATIONS OF THE FDCPA
### 15 U.S.C. § 1692c(b)

12. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 11 inclusive, above.

13. With a few inapplicable exceptions, except as provided in 15 U.S.C. § 1692b, a debt collector may not communicate in connection with the collection of a debt with anyone other

than the consumer. 15 U.S.C. § 1692c(b).

14.     In early March 2018, DEFENDANT called PLAINTIFF's acquaintance and discussed PLAINTIFF's debt with this acquaintance.

15.     DEFENDANT communicated information about PLAINTIFF's debt to this acquaintance, who is not PLAINTIFF's attorney, spouse, parent, guardian, executor, administrator, a consumer reporting agency, the creditor, the attorney for the creditor, or the attorney for the debt collector.

16.     By communicating information about PLAINTIFF's debt to this unauthorized third party, DEFENDANT violated 15 U.S.C. § 1692c(b).

17.     As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of statutory damages.

18.     It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, and is entitled to recover reasonable attorneys' fees therefor.

19.     PLAINTIFF has suffered the concrete injury of having information regarding his debt being transmitted to unauthorized third parties against his will, and he therefore has standing for the purposes of Article III.

## DEMAND FOR JURY TRIAL

20.     Please take notice that PLAINTIFF demands trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF's favor, and that judgment be entered against DEFENDANT for the following:

(1)     For actual damages awarded to PLAINTIFF;

(2) For statutory damages awarded to PLAINTIFF, not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3) For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of these claims;

(4) For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(5) For any and all other relief this Court may deem appropriate.

Dated: Rochester, New York.
April 2, 2018

        Respectfully Submitted,

        **DOUGLAS FIRM, P.C.**

        /s/ Alexander J. Douglas

        ALEXANDER J. DOUGLAS
        New York Bar No. 5343892
        36 West Main Street, Ste 500
        Rochester, NY  14614
        Tel: (585) 568-2224
        Fax: (585) 546-6185
        alex@lawroc.com